IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HANS OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>PERDUE FARMS INC. & PERDUE FOODS LLC,<br><br>    Defendants,<br><br>AND<br><br>PERDUE FARMS INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>THE VINCIT GROUP d/b/a QSI INC.,<br><br>    Third-Party Defendant, | CIVIL ACTION NUMBER:<br><br>5:20-cv-00307-TES |

**PERDUE FOODS LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**PRELIMINARY STATEMENT**

    In its April 29, 2021 Order dismissing Plaintiff's claims against Perdue Foods LLC, through a well-reasoned and textualist approach, the Court explained why the Supreme Court of Georgia's tolling orders did not save Plaintiff's claims. Dissatisfied with the Court's holding, Plaintiff now contends the Court ignored authoritative guidance on the Supreme Court's orders. But a motion for reconsideration is not a proper vehicle for relitigating issues. And even if it were, the support Plaintiff cites does not change the result. The Court's Order is correct.

**BACKGROUND**

Plaintiff, an employee of The Vincit Group d/b/a QSI Inc., claims he was injured on November 1, 2018 while cleaning a "chiller" at a facility owned by Perdue Foods. (Doc. 27 ¶¶ 7–15.) He contends that Perdue Foods failed to properly train him on how to clean the chiller and alleged premises-liability and negligence *per se* claims against Perdue Foods. (*Id.* ¶¶ 17–26.)

Plaintiff filed suit on August 5, 2020, naming only Perdue Farms, Inc. (Doc. 1.) Because it is not a proper party, on August 27, 2020, Perdue Farms moved the Court to either dismiss Perdue Farms or alternatively order Plaintiff to substitute Perdue Foods for Perdue Farms. (Doc. 6.) In its Motion, Perdue Farms explained that Perdue Foods owns the facility where Plaintiff was injured and thus that Perdue Foods is the proper Defendant. (*Id.* at 2–4.) After Perdue Farms expressly identified the correct Defendant, the parties attempted to negotiate a substitution. But those negotiations were unsuccessful, and as Plaintiff explained in his written response, he determined that he would later decide whether to *add* Perdue Foods "in accordance with the law." (Doc. 13 at 2–3.)

But Plaintiff failed to do so. Despite knowing the identity of the proper Defendant by the end of August 2020, Plaintiff did not move for leave to amend his Complaint to add Perdue Foods until December 2020 and did not file his First Amended Complaint until January 2021. (Doc. 26; Doc. 28.) Plaintiff, as noted, suffered his injury (and thus his claims against Perdue Foods accrued) on November 1, 2018. Because Plaintiff did not sue Perdue Foods until January 2021, Perdue Foods moved to dismiss Plaintiff's claims as untimely. (Doc. 36.) But citing emergency orders the Supreme Court of Georgia issued in response to the COVID-19 pandemic, Plaintiff argued that the applicable statute of limitations had been extended by 122 days. (Doc. 41 at 3.)

The Supreme Court issued the first of these orders on March 14, 2020 ("First Emergency Order"). There, the Supreme Court, in fairly conclusory language, "toll[ed] . . . filing requirements," including unspecified statutes of limitations. (*Id.* at 3.) These deadlines remained tolled until the Supreme Court issued its July 12, 2020 order ("Fourth Emergency Order"). (Doc. 41-1.) The Fourth Emergency Order contains language about the application of the tolling provision not found in the First Emergency Order:[1]

> The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(*Id.* at 6.) This language controls whether Plaintiff's claims are timely, and after interpreting this text, the Court dismissed Plaintiff's claims against Perdue Foods as time-barred. (Doc. 46.)

Now, though, Plaintiff points to (and his arguments hinge on) an April 6, 2020 "guidance." (Doc. 50-3.) Plaintiff contends that he guidance—which followed the First Emergency Order but preceded the Fourth Emergency Order—interprets the First Emergency Order as extending all statutes of limitations by the number of days the First Emergency Order was in place. (*Id.*) To be sure, though, the guidance did not interpret or reference the text found in the Fourth Emergency Order. The Supreme Court had not yet published that text when the guidance was issued. Thus, the guidance does not offer as much help interpreting the Fourth Emergency Order as Plaintiff argues.

## ARGUMENT

Claiming the Court's reasoning in its April 29 Order was incorrect, Plaintiff asks the Court to reconsider its dismissal of Perdue Foods. But a motion for reconsideration is not the

---

[1] This language first appeared in the Supreme Court's June 12, 2020 order ("Third Emergency Order"), in which the Supreme Court disclosed its plan to reimpose deadlines. The language did not be effective until the Fourth Emergency Order.

3

appropriate vehicle for relitigating issues. Even if it were, the Court's Order is correct, and the Court should stand by it.

### I. Plaintiff Is Attempting to Relitigate Issues the Court Already Decided, and the Court Did Not Commit "Clear Error."

Motions for reconsideration, which this Court disfavors[2]—are appropriate only when "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Miller v. Fowler*, No. 5:18-CV-00442-TES, 2019 WL 303000, at *1 (M.D. Ga. Jan. 23, 2019).

#### A. Plaintiff Is Attempting to Relitigate a Settled Issue.

After Plaintiff amended his complaint to add Perdue Foods, Perdue Foods moved to dismiss Plaintiff's claims against it as untimely. (Doc. 36.) In response, Plaintiff argued that the Fourth Emergency Order granted Plaintiff a 122-day extension to file suit. (Doc. 41 at 3.) Perdue Foods pointed out in reply that the Fourth Emergency Order applied only to statutes of limitations that would have expired during the 122-day period. (Doc. 43 at 2–3 (citing *Greene v. Quicken Loans, LLC*, No. 4:20-CV-135 (CDL), 2021 WL 232593, at *5 (M.D. Ga. Jan. 22, 2021).) The Court agreed: It held that Fourth Emergency Order "clearly refers only to the period between March 14 and July 14, 2020" and that its "plain-text limitation" foreclosed Plaintiff's argument. (Doc. 46 at 8–9.)

Plaintiff argues the Court's reasoning was incorrect. But "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *King v. Lawson*, No. 517CV00303TESCHW, 2020 WL 5790399, at *1 (M.D. Ga. Sep. 28, 2020) ("King's reasons for asking this Court to reconsider its

---

[2] Under Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."

4

Order could have been raised prior to the entry of the judgment and are merely attempts to relitigate old matter." (internal quotation marks and citation omitted)). Alleging an error of legal reasoning is therefore insufficient to warrant reconsideration: "[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what [the Court] ha[s] already thought through—*rightly or wrongly*." *Armbuster v. Rosenbloom*, No. 1:15-CV-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (emphasis added) (citation and internal quotation marks omitted).

Plaintiff is attempting to relitigate a settled issue and asking the Court to rethink what it already carefully analyzed. Plaintiff concedes, for example, that his "position was (and remains)" that the Fourth Emergency Order extended his deadline by 122 days. (Doc. 50 at 3.) But he does not point to a change in controlling law or newly discovered evidence. Instead, he cites to the April 6, 2020 guidance, which was available to Plaintiff when he originally opposed Perdue Foods' Motion to Dismiss. Plaintiff's citation to support it previously possessed does not justify reconsideration: A motion for reconsideration cannot be used to "raise argument . . . that could have been made" before the Court ruled. *King*, 2020 WL 5790399, at *1 (citation and internal quotation marks omitted). Plaintiff's Motion for Reconsideration is improper.

### B. The Court Did Not Commit "Clear Error."

Plaintiff also argues that the Court committed clear error. (Doc. 50 at 2.) Proving clear error, though, is a high hurdle: It exists *only* when a legal error was "clear and obvious." *Armbuster*, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). A court has not committed clear error so long as the "legal issues are at least arguable." *Id.* (citation and internal quotation marks omitted).

Reasserting his original argument, Plaintiff now cites directly to the April 6, 2020 guidance, which Plaintiff claims proves his deadline was extended by 122 days. (Doc. 50 at 3–4;

5

Doc. 50-3.) The First Emergency Order, though, contained only vague language explaining that it "toll[ed] . . . filing requirements imposed by otherwise applicable statutes," including statutes of limitations, and was thus open to interpretation. (Doc. 50-1 at 3.) And the guidance offered an interpretation. But the guidance did not consider or interpret the Fourth Emergency Order's controlling language. The Supreme Court did not disclose that language until June 12, 2020—two months *after* the guidance came out.[3] (*See* Doc. 50-2 at 2, 5.)

At bottom, Plaintiff contends that the Court committed clear error by not considering the guidance in its April 29 Order. But the guidance does not offer an interpretation of the controlling language. The Court, on the other hand, carefully considered the controlling text found in the Fourth Emergency Order and ruled based on its plain meaning. The guidance attempted to interpret what may have been ambiguous language found in the First Emergency Order, while the Court interpreted later-issued text that the Court concluded foreclosed Plaintiff's argument. (Doc. 46 at 8–9.) It cannot be "clear and obvious" that the guidance is binding as to text it did not consider. *Armbuster*, 2016 WL 1441467, at *1. In other words, the Court cannot have committed *clear error* by not considering authority that is not *directly* on point. *See United States ex rel. Dixie Commc'ns Sys. Inc. v. Travelers Cas. and Surety Co.*, No. CV 118-210, 2020 WL 2374230, at *2 (S.D. Ga. May 11, 2020) ("[C]ompeting nonbinding authority hardly renders a legal issue unarguable."). This is especially true when other authority supports the Court's conclusion. *See id.*; *Greene v. Quicken Loans, LLC*, No. 4:20-CV-135 (CDL), 2021 WL 232593, at *5 (M.D. Ga. Jan. 22, 2021). The Court should deny Plaintiff's Motion for Reconsideration because he cannot show that the Court committed clear error.

---

[3] As noted, the Supreme Court first included this language in the Third Emergency Order, but the language did not become effective until the Fourth Emergency Order. (Doc. 50-2; Doc. 41-1.)

## II.   The Court's Order Is Correct.

Not only did the Court not commit clear error, but it did not commit any error.

### A.  The Court's Textualist Approach Is Sound.

The Supreme Court issued the First Emergency Order on March 14, 2020, explaining that it was tolling unspecified statutes of limitations, but it did not explain how its tolling provision would be applied. (Doc. 50-1.) About a month later, the April 6, 2020 guidance was issued. (Doc. 50-3.) The guidance, as noted, interprets the First Emergency Order. (*Id.*)

The Supreme Court, however, walked back this interpretation. In its Fourth Emergency Order, which the Court issued on July 12, 2020, the Supreme Court implemented its plan to reimpose deadlines. (Doc. 41-1.) And the Fourth Emergency Order contains the controlling language:

> The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(*Id.* at 6.)

This clear language, of course, differs from the language found in the First Emergency Order. It contradicts the language found in the April 6, 2020 guidance and effectively replaces that interpretation. *C.f. United v. Tinoco*, 304 F.3d 1088, 1105 (11th Cir. 2002) ("It is true beyond peradventure that Congress has the constitutional authority to 'overrule' a court interpretation of a statute by amending the statute."). Indeed, as this Court pointed out, the Supreme Court purposefully chose phrasing that "clearly refers only to the period between March 14 through July 14, 2020." (Doc. 46 at 9.) This makes sense, too, because the First Emergency Order was arguably ambiguous, and the Supreme Court may have intended to shore up its application.

Put simply, faced with text that had not already been dissected by other courts (state or federal),[4] the Court applied a straightforward, plain-text interpretation. Focusing on the controlling text, the Court concluded that the Fourth Emergency Order's "plain-text limitation means that [Plaintiff] didn't receive an additional 122 days to file his lawsuit because his statute of limitations did not run during *that* period." (Doc. 46 at 9 (emphasis in original).) And the Court's textualist approach comports with controlling textual-interpretation principles: "If the text . . . is clear, that is the end of the matter." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 963 (11th Cir. 2016). The Court's Order is correct.

### B.  The Guidance Is Not Controlling.

Plaintiff's argument rests entirely on the April 6, 2020 guidance. According to Plaintiff, the guidance shows the Supreme Court's intent, and he notes that the guidance is accessible through the hyperlinks found in the Fourth Emergency Order. (Doc. 50 at 4.) But Plaintiff ignores other provisions found in the Fourth Emergency Order.

First, in the provision immediately preceding the tolling provision, the Fourth Emergency Order directs readers to a different guidance for assistance in interpreting that provision. (Doc. 41-1 at 4.) If the Supreme Court had intended for the April 6, 2020 guidance to control the application of the tolling provision, it would have cited directly to the guidance.

More important, though, a standalone section of the Fourth Emergency Order directs readers to "the guidance documents," found in the appendix. (*Id.* 10, § VI.) But the Fourth Emergency Order explains that "[g]uidance related to the tolling of deadlines should be *read in light of* the reimposition of deadlines by this order." (*Id.* (emphasis added).) Thus, the Supreme

---

[4] As the Court noted, though, the only other court that has approached the issue appears to agree with this Court's interpretation. *Greene*, 2021 WL 232593, at *5.

Court expressly acknowledged that the April 6, 2020 guidance must be read in conjunction with the text of the Fourth Emergency Order.

In sum, then, the text of the Fourth Emergency Order controls over any conflict between it and the April 6, 2020 guidance. And the Court has already concluded that the text of the Fourth Emergency Order does not support Plaintiff's position. There is thus no reason for the Court to reconsider its Order. The Court should stand by its textual interpretation and deny Plaintiff's Motion for Reconsideration.

### III.   A Certified Question Is Unwarranted.

Alternatively, Plaintiff asks the Court to certify a question on this issue to the Supreme Court of Georgia under O.C.G.A. § 15-2-9(a). (Doc. 50 at 8–9.) But a certified question is unnecessary. Courts tend to exercise their discretion to certify questions "with restraint," *Royal Cap. Dev., LLC v. Maryland Cas. Co.*, 659 F.3d 1050, 1055 (11th Cir. 2011), and only when there is "substantial doubt" about the application of state law, *Peoples Gas Sys. v. Posen Constr., Inc.*, 931 F.3d 1337, 1341 (11th Cir. 2019) (certifying a question because of split authority addressing an issue). Indeed, courts "rarely resort[] to state certification procedures" because "federal . . . courts . . . are competent to apply . . . state law." *McKesson v. Doe*, 141 S. Ct. 48, 51 (2020).

A certified question is not needed because there is not "substantial doubt" about the application of the Fourth Emergency Order. There are no splits between federal and state courts or between state appellate panels. Nor is the text ambiguous. To the contrary, as the Court has explained, the Fourth Emergency Order is clear, and there is little doubt about its application. The Court should therefore decline to certify a question on this issue.

### CONCLUSION

The Court should deny Plaintiff's Motion for Reconsideration.

Respectfully submitted this 20th day of May, 2021.

**HALL BOOTH SMITH, P.C.**

/s/ *Austin Atkinson*
_____

| | |
|---|---|
| 191 Peachtree Street, NE, Suite 2900 | James H. Fisher, II |
| Atlanta, Georgia  30303 | Georgia Bar No. 261850 |
| Phone:  (404) 954-5000 | Tiffany R. Winks |
| Fax:  (404) 954-5020 | Georgia Bar No. 626413 |
| jfisher@hallboothsmith.com | Austin Atkinson |
| twinks@hallboothsmith.com | Georgia Bar No. 935864 |
| aatkinson@hallboothsmith.com | *Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HANS OWENS, | |
| Plaintiff, | |
| v. | |
| PERDUE FARMS INC. & PERDUE FOODS LLC, | CIVIL ACTION NUMBER: |
| Defendants, | 5:20-cv-00307-TES |
| AND | |
| PERDUE FARMS INC., | |
| Third-Party Plaintiff, | |
| v. | |
| THE VINCIT GROUP d/b/a QSI INC., | |
| Third-Party Defendant, | |

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **PERDUE FOODS LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** using the Court's ECF/CM E-file system, which will automatically serve counsel of record as follows:

Kendall C. Dunson, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama   36103
Kendall.dunson@beasleyallen.com
*Attorney for Plaintiff*

11

Caroline W. Herrington, Esq.
Lauren M. Childs, Esq.
ADAMS, JORDAN & HERRINGTON
577 Mulberry Street, Suite 1250
Macon, Georgia   31202-0928
cherrington@adamsjordan.com
lchilds@adamsjordan.com
*Attorneys for Plaintiff*

J. Scott McDearman, Esq.
GRANT, KONVALINKA & HARRISON, P.C.
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
MBrownfield@gkhpc.com
SMcDearman@GKHpc.com
*Attorneys for The Vincit Group d/b/a QSI Inc.*

Dated this 20th day of May, 2021.

                                             **HALL BOOTH SMITH, P.C.**

                                             /s/ ***Austin Atkinson***

| | |
|---|---|
| 191 Peachtree Street, NE, Suite 2900 | Austin Atkinson |
| Atlanta, Georgia  30303 | Georgia Bar No. 935864 |
| Phone:  (404) 954-5000 | *Attorney for Defendant* |
| Fax:  (404) 954-5020 | |
| aatkinson@hallboothsmith.com | |