IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HANS OWENS,<br><br>    *Plaintiff*,<br><br>v.<br><br>PERDUE FOODS LLC,<br><br>    *Defendant/Third-Party Plaintiff*,<br><br>v.<br><br>THE VINCIT GROUP d/b/a QSI INC.,<br><br>    *Third-Party Defendant.* | CIVIL ACTION NO.<br>5:20-cv-00307-TES |

**ORDER**

The second count of Plaintiff Hans Owens' Amended Complaint [Doc. 28] is a negligence per se claim. Count II alleges violations of 29 C.F.R. §§ 1910.212 and 1910.147. [Doc. 28, ¶¶ 22–26]. The authority for these federal regulations comes from 29 U.S.C. §§ 653, 655, and 657, more commonly referred to as standards set forth by the Occupational Safety and Health Act of 1970 or "OSHA." *See* [Doc. 28, ¶¶ 20, 23–24, 28, 30]. Passed by Congress in 1970, OSHA requires every employer to furnish its employees with "a place of employment which [is] free from recognized hazards that are causing or are likely to cause death or serious physical harm to [its] employees." 29 U.S.C. § 654. As a means to accomplish Congress's goal, OSHA created two new remedies which permit the Secretary of Labor, "proceeding before an administrative agency, (1) to obtain abatement orders requiring employers to correct unsafe working

conditions and (2) to impose civil penalties on an employer maintaining any unsafe working condition." *Atlas Roofing Co. v. Occupational Safety and Health Rev. Comm'n*, 430 U.S. 442, 445 (1977).

Pursuant to OSHA, "[e]mployees have been granted specific rights in the investigatory and rule-making stages of the Act, including the right to . . . request that the Secretary [of Labor] conduct a workplace inspection when employees suspect that a violation has occurred." *Donovan v. Occupational Safety and Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) *accord Donovan v. Local 962, Int'l Chem. Workers Union*, 748 F.2d 1470 (11th Cir. 1984). Despite these rights, however, an employee's role in enforcing the Act is quite limited. *Rev. Comm'n*, 713 F.2d at 926.

"Nowhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975).[1] OSHA provides:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or *affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any law* with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

2

29 U.S.C. § 653(b)(4) (emphasis added). With at least six circuits to have considered this provision from the Act, "it is now well established that 'OSHA violations do not themselves constitute a private cause of action for breach.'" *Am. Fed'n of Gov't Emps., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143–44 (D.C. Cir. 2003) (citing cases). Since OSHA does not create a private right of action, it appears that Owens cannot state a cognizable negligence per se claim upon which relief may be granted. Accordingly, the Court noticed the parties and gave them 14 days within which to show cause why the OSHA-related claims set forth in Count II should not be dismissed.

With no response made by any party, the Court now **DISMISSES** Count II of Owens' Amended Complaint **without prejudice**.[2]

This 7th day of June, 2021.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[2] The Court **LIFTS** the Stay of Discovery and **ORDERS** the parties to submit a proposed Amended Scheduling/Discovery Order by June 21, 2021. *See* [Doc. 44]; [Doc. 45].