## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

HANS OWENS,

     Plaintiff,

v.

PERDUE FOODS LLC,

       Defendant,

AND

PERDUE FOODS LLC,

      Third-Party Plaintiff,

v.

THE VINCIT GROUP d/b/a QSI INC.,

    Third-Party Defendant,

CIVIL ACTION NUMBER:

5:20-cv-00307-TES

---

## PROTECTIVE ORDER

Currently before the Court is Plaintiff, Perdue Foods LLC, and The Vincit Group's (the "Parties" and individually a "Party") Consent Motion for Protective Order. After careful consideration, and for good cause shown, the Court **GRANTS** the Parties' Motion and **ORDERS** as follows:

1.    The Parties anticipate that certain documents and information subject to discovery in this case may contain confidential, proprietary, and/or personal information.

2.    Any Party may mark any document, information, or other item produced ("Material") "Confidential" that it believes in good faith contains confidential, proprietary,

and/or personal information by labeling the Material with the term "Confidential." Any Party may also designate any portion of any deposition transcript "Confidential" within 21 days from the date that Party receives the deposition transcript by informing counsel for all other Parties in writing of the page and line numbers that are "Confidential." If a Party wishes to designate as "Confidential" Material that is not capable of being physically marked—such as a video or electronic file—that Party shall inform all other Parties in writing that the Material is to be considered marked "Confidential."

3. Material designated "Confidential" by one Party may be shared by the other Parties only with the following:

    a. In-house and outside counsel for any Party and any person employed by those counsel or their firm, including independent or outside companies that provide document-management services, copying services, technology services, or similar services.

    b. A Party or employees of a Party engaged in assisting with this litigation.

    c. Any person who authored, created, or received "Confidential" Material before it was designated "Confidential."

    d. Anyone not covered by Sections 3(a)–(c) who is retained by counsel or a Party to assist in this litigation, including, but not limited to, expert consultants and witnesses, after those individuals have signed a document substantially similar to the form attached as Exhibit 1.

    e. The Court and court officials and members of any jury.

    f. Any witness, after the witness has signed a document substantially similar to the form attached as Exhibit 1.

4. If any Party or counsel wishes to disclose "Confidential" Material designated "Confidential" by another Party to someone not covered by Section 4, that Party or counsel must inform the Party that designated the Material of its intent to do so, including with a description of the person to whom the disclosure will be made, within 10 days of sharing the Material. If the

Party that designated the Material "Confidential" does not object within that 10-day period, the other Party may share the Material, after the individual signs a document substantially similar to the form attached as Exhibit 1. If the designating Party objects during that 10-day period, the other Party may not share the Material until the Parties reach an agreement or the Court allows the disclosure.

5.   The inadvertent or unintentional disclosure of "Confidential" Material without designation does not waive or forfeit the confidential nature of the Material.

6.   If any Party believes that any Material has been improperly designated "Confidential," that Party must notify the designating Party in writing of its objection to the designation. The notification must identify the Material and explain why the Party believes it has been improperly designated. The Parties shall attempt to resolve any dispute by agreement in good faith without Court intervention. If the Parties are unsuccessful, however, the Party seeking to remove the designation must seek relief from the Court within 14 days from the date the designating Party finally refuses to remove the designation. If a Party moves the Court the remove a "Confidential" designation from Material, the Material will remain "Confidential" until the Court rules otherwise, if the Court rules otherwise.

7.   "Confidential" Material may be shown to a witness in a deposition only after the witness signs a document substantially similar to the form found in Exhibit 1. If the witness refuses to sign the form, the deposition shall not proceed until the issue is resolved either between the Parties or by the Court.

8.   If a Party wishes to cite to "Confidential" Material in a filing or otherwise file "Confidential" Material with the Court, that Party must first seek leave to file the "Confidential" Material under seal before filing the "Confidential" Material.

9.    This Protective Order is not a waiver of

    a.  Any Party's right to object to discovery requests;

    b.  Any Party's right to seek an order compelling discovery;

    c.  Any Party's right to use its own documents or information, including "Confidential" Material in its sole and complete discretion.

10.   The requirements of this Protective Order will remain in effect with respect to any "Confidential" Material until the designating Party releases any Material from these requirements.

11.   Unless otherwise agreed to by the designating Party, counsel for each Party must take reasonable measures to ensure that all party representatives, witnesses, experts, consultants, or others possessing "Confidential" Material destroy or return all "Confidential" Material to the designating Party within 60 days from the date this litigation completely ends, whether by judgment, settlement, or otherwise. As long as any claim against any party remains pending, this Section 13 is not triggered. Counsel for any Party, however, need not destroy or return "Confidential" Material in counsel's possession or files.

12.   If a Party wishes to use Material designated "Confidential" during any trial or hearing in this case, the Parties will, in advance, confer in good faith to agree upon a method to protect such marked Material during such proceedings.  If the Parties are unable to agree upon a method to protect the designated Material, any Party may apply to the Court for a mechanism to maintain the confidentiality of the Material.

This _7_ day of _Sept_, 2021.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT