# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

HANS OWENS,

        Plaintiff,

v.

PERDUE FOODS LLC,

        Defendant.

NO. 5:20-CV-00307-TES

## PERDUE FOODS LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864

HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
twinks@hallboothsmith.com
aatkinson@hallboothsmith.com
*Counsel for Perdue Foods LLC*

In accordance with Local Rule 56, Perdue Foods LLC ("Perdue") provides the following statement of material facts.

1.      Perdue owns and operates a poultry-processing facility in Perry, Georgia, where it processes chickens for consumers. *See generally*, Ex. A, Dale Dep. at 9–11.[1]

2.      Perdue contracts with QSI to perform required sanitation services at its plant.[2] *See* Ex. B, Master Services Agreement (Ex. 2 to Dale Dep.); Ex. C, Addendum F to Master Services Agreement (Ex. 3 to Dale Dep.).

3.      Under the contract governing Perdue and QSI's relationship, QSI works as an independent contractor. Ex. B ¶ 11.5.

4.      QSI is "solely responsible for" its employees, including all "training, supervision, and control" needed. Ex. B ¶ 11.5; Ex. C at 1.

5.      QSI must also ensure compliance with all applicable "laws, codes, ordinances, rules, regulations, and statutes." Ex. B ¶ 5.2.

6.      QSI cleans the equipment in between Perdue's operating shifts. *See* Ex. A at 11.

7.      Perdue employees use Perdue's equipment to process chickens for a set period of time, and when they finish, Perdue "release[s] the plant to" QSI. *Id*. at 16.

---

[1] In accordance with the Court's protective order, the Court granted Perdue permission to file certain documents under seal. *See* Doc. 80. Perdue has thus filed Exhibits A, B, and C in redacted form on the public record and in unredacted form under seal. The sealed documents are labeled Exhibits A-1, B-1, and C-1.

[2] "QSI" refers to Third-Party Defendant The Vincit Group, which operates as QSI.

8.     Perdue uses "chillers" to process chickens, which are located in what is known as the "Chiller Room." *Id.* at 15, 17–18.

9.     Perdue releases the Chiller Room to QSI to clean. *Id.* at 16.

10.     Perdue employees do not work in or access the Chiller Room after Perdue releases it to QSI. *Id.* at 19.

11.     QSI hired Plaintiff in September 2018, and the company assigned Plaintiff to clean one of Perdue's chillers (known as Chiller 1). *See* Ex. D, Pl. Dep. at 7, 102.

12.     To clean Chiller 1, the person cleaning must spray the machine while it is running and then clean the inside of the machine with chemicals. *Id.* at 102–103.

13.     Before cleaning the inside of Chiller 1, the machine must be "locked out" to render it inoperable. *See* Ex. A at 18–19, 37–42.

14.     In accordance with certain federal regulations, QSI created and implemented training specific to locking out equipment. *See, e.g.*, Ex. E (Exs. 2, 3, 4, 8 to Pl. Dep.).

15.     QSI admits that it was responsible for training its employees. Ex. G, QSI RFA Responses.

16.     Plaintiff, however, did not follow QSI's procedures and did not lock out Chiller 1 when he cleaned it. Ex. D at 14.

17.     He followed an improper procedure. *Id.*; Ex. A at 48–49.

18.    Plaintiff knew locking out Chiller 1 was important, though. Ex. D at 14.

19.    Plaintiff eventually suffered an injury while cleaning Chiller 1. Doc. 28.

20.    He later received workers'-compensation benefits and signed a released related to the incident at issue. Ex. H, Release (Ex. 6 to Pl. Dep.)

Respectfully submitted on June 3, 2022.


/s/ *Austin Atkinson*
_____
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864

twinks@hallboothsmith.com
aatkinson@hallboothsmith.com
*Counsel for Perdue Foods LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

HANS OWENS,

        Plaintiff,

v.

PERDUE FOODS LLC,

        Defendant.

NO. NO. 5:20-CV-00307-TES

---

**CERTIFICATE OF SERVICE**

---

I certify that, on June 3, 2022, I filed a copy of the foregoing **PERDUE FOODS LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS** using the Court's CM/ECF e-filing system, which will send notification of such filing to counsel of record.


/s/ *Austin Atkinson*
_____
Tiffany R. Winks
Georgia Bar No. 626413
Austin Atkinson
Georgia Bar No. 935864

twinks@hallboothsmith.com
aatkinson@hallboothsmith.com
*Counsel for Perdue Foods LLC*