IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HANS OWENS,<br><br>  *Plaintiff*,<br><br>v.<br><br>PERDUE FOODS LLC,<br><br>  *Defendant/Third-Party Plaintiff*,<br><br>v.<br><br>THE VINCIT GROUP d/b/a QSI INC.,<br><br>  *Third-Party Defendant.* | CIVIL ACTION NO.<br>5:20-cv-00307-TES |

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

Following entry of Judgment [Doc. 95] in its favor, Perdue Foods LLC filed a Motion for Attorneys' Fees [Doc. 96] on October 27, 2022. Local Rule 7.2 states that "[a] party desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of [the] movant's motion and brief." LR 7.2, MDGa. The 21-day period within which Plaintiff Hans Owens had to file a response to Perdure Foods' motion seeking attorneys' fees expired on November 17, 2022. *See* Fed. R. Civ. P. 6(a). Owens did not file a response, nor did he timely seek an extension of time pursuant to Local Rule 6.2.[1]

---

[1] Local Rule 6.2 provides:
  In civil cases, the clerk of the court and his deputies are authorized to permit extensions of time to a date certain not to exceed fourteen (14) days for the filing of briefs. No more than one (1) such extension may be granted by the clerk for the same brief. Permission of the court must be obtained for any additional extensions. A party requesting an additional

The parties completed discovery in this case on May 6, 2022, and in its motion, Perdue Foods states that it served Owens with a statutory offer of settlement in accordance with O.C.G.A. § 9-11-68 on April 26, 2022. [Doc. 77]; [Doc. 96, p. 1]; *see, e.g.*, [Doc. 96-1]. Owens rejected the offer. *See* O.C.G.A. § 9-11-68(c) ("An offer that is neither withdrawn nor accepted within 30 days shall be deemed rejected."); [Doc. 96, p. 1]. For the following reasons, the Court **GRANTS** Perdue Foods' Motion for Attorneys' Fees [Doc. 96].

Motions for attorneys' fees in cases, like this one, that are before the Court on the basis of diversity jurisdiction are governed by state law. *Green v. Big Lots*, No. 5:17-cv-00344-TES, 2019 WL 112774, at *1 (M.D. Ga. Jan. 4, 2019) (citation omitted); *see also Am. Fam. Life Assurance Co. of Columbus v. United States Fire Co.*, 885 F.2d 826, 832 (11th Cir. 1989) ("[A] federal court sitting in diversity should give effect to the forum state's rule regarding attorney's fees."). Accordingly, the Court considers whether Perdue Foods is entitled to attorneys' fees under Georgia law, which provides in relevant part:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

---

extension must do so by written motion filed no later than five (5) days before the expiration of the extension granted by the clerk. The motion shall state why an additional extension is needed.
LR 6.2, MDGa.

2

O.C.G.A. 9-11-68(b). In other words, if Perdue Foods can satisfy each of the requirements discussed below from O.C.G.A. § 9-11-68(a), it is entitled to attorneys' fees from May 27, 2022, the date Owens is deemed to have rejected the offer of settlement, through October 13, 2022, the date the Court granted summary judgment to Perdue Foods and entered Judgment in its favor. O.C.G.A. § 9-11-68(c); [Doc. 94]; [Doc. 95]; *see also* [Doc. 96-3, Winks Aff., ¶ 3];

To be entitled to attorneys' fees under O.C.G.A. § 9-11-68, Perdue Foods must have made an offer of settlement more than 30 days after it was served with a summons and complaint but not less than 30 days before trial. O.C.G.A. § 9-11-68(a). Perdue Foods must have also

1. Made the offer in writing and stated in the offer that it was made in accordance with O.C.G.A. § 9-11-68;

2. Identified the party making the offer and to whom the offer was made;

3. Identified the claim(s) to be resolved by the offer;

4. Stated any conditions of the offer with particularity;

5. Stated the total amount of the offer;

6. Stated with particularity the amount offered to settle any claims for punitive damages, if any;

7. Stated whether the offer included its attorneys' fees and expenses and whether these fees and expenses were part of the legal claim; and

8. Included a certificate of service with the offer and served Owens by certified mail or overnight delivery as required by O.C.G.A. § 9-11-5.

O.C.G.A. § 9-11-68(a)(1)–(8); *see also* O.C.G.A. § 9-11-5(b)

Upon review of Perdue Foods's Offer of Settlement [Doc. 96-1], it clearly satisfied each of the above statutory requirements. Further, upon review of the calculable amounts listed in the Invoices [Doc. 96-2] that Perdue Foods submitted contemporaneously with its motion as well as the additional, not-yet-invoiced amounts listed in Tiffany Winks and Austin Atkinson's affidavits, the Court is satisfied that their billable rates and the number of hours billed are reasonable. [Doc. 96-3, Winks Aff., ¶ 8]; [Doc. 96-4, Atkinson Aff., ¶ 7].

Accordingly, the Court **GRANTS** Perdue Foods' Motion for Attorneys' Fees [Doc. 96] in the amount of $24,438.00.

**SO ORDERED**, this 18th day of November, 2022.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**